**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

National Review Inc.
19 West 44th Street
Suite 1701
New York, NY 10036

      Plaintiff,

  v.

United States Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530, and

Federal Bureau of Investigation
935 Pennsylvania Ave. NW
Washington, D.C., 20535

      Defendants.

**COMPLAINT**

1. Plaintiff, National Review, brings this complaint, by and through undersigned counsel, against Defendants, the United States Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI"), for violation of the Freedom of Information Act ("FOIA") (5 U.S.C. § 552). National Review is the publisher of a magazine and website covering government, global, and political news. As laid out in more detail below, National Review submitted three FOIA requests: two FOIA requests to DOJ components and one FOIA request to the FBI.

2. National Review's first FOIA request ("EOUSA Request") was submitted via email to the Executive Office for United States Attorneys, a component of the DOJ, on March 3, 2026. National Review's EOUSA Request seeks records related to convicted Chinese

Communist Party ("CCP") spy Yaoning Sun (a/k/a Mike Sun).  EOUSA denied National Review's request at which time National Review submitted an administrative appeal. DOJ denied National Review's administrative appeal.

3.  National Review's second FOIA request ("NSD Request") was submitted via email to the National Security Division of DOJ on March 3, 2026.  National Review's NSD Request seeks records related to convicted CCP spy Yaoning Sun.  NSD did not produce any records responsive to National Review's NSD Request.  No reason was given for DOJ's constructive denial of National Review's NSD Request.

4.  National Review's third FOIA request ("FBI Request") was submitted to the FBI via the FBI's eFOIA Portal on March 3, 2026.  National Review's FBI Request seeks records related to convicted CCP spy Yaoning Sun.  The FBI denied National Review's request at which time National Review submitted an administrative appeal. DOJ denied National Review's administrative appeal.

5.  National Review seeks injunctive and declaratory relief as well as an award of costs and fees pursuant to FOIA's fee-shifting provision (5 U.S.C. § 552(a)(4)(E)).

## VENUE AND JURISDICTION

6.  This Court is the proper venue pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. §552(a)(4)(B).

7.  This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, 2202.

## PARTIES

8.  Plaintiff, National Review Inc., is a corporation formed under the laws of New York. National Review's principal place of business is located at 19 West 44th Street, Suite

1701, New York, NY 10036.  National Review publishes a conservative political magazine and maintains a website on which it publishes articles regarding public policy.

9. Defendant, the United States Department of Justice, is *sui juris* and an "agency" as that term is defined by FOIA. DOJ's principal office is located at 950 Pennsylvania Ave., NW, Washington, D.C.  The National Security Division and the Executive Office of United States Attorneys are components of DOJ.

10. Defendant, the Federal Bureau of Investigation, is an "agency" as that term is defined by FOIA and, although it is part of the Department of Justice, it is often named as a Defendant in FOIA lawsuits.  The FBI's principal office is located at 935 Pennsylvania Ave. NW, Washington, D.C.

### FACTUAL ALLEGATIONS

### A.  Background on National Review

11. National Review was founded in 1955 as a "magazine of conservative opinion."  National Review has published articles about actions and policies of the U.S. Government for more than seven decades.  It publishes a magazine twelve times a year and remains an influential source of news and opinion.  It publishes a constant stream of online news and opinion on its website Nationalreview.com.

12. National Review reports extensively on U.S. politics and policy.  National Review's politics and policy articles can be found at https://www.nationalreview.com/politics-policy/.

### B. Background on National Review's FOIA Requests

13. Yaoning Sun was recently sentenced to 48 months in prison for acting as an illegal agent of the People's Republic of China ("PRC").  Relevant DOJ press releases can be found at

https://www.justice.gov/usao-cdca/pr/political-operative-sentenced-4-years-federal-prison-acting-covert-agent-peoples and https://www.justice.gov/archives/opa/pr/california-political-operative-arrested-complaint-alleging-he-acted-illegal-agent-peoples.

14.  Mr. Sun was the campaign advisor and alleged former fiancé of Arcadia Mayor Eileen Wang. See Marc Ramirez, *California Man Sentenced for Acting as Illegal Chinese Agent*, USA TODAY (Feb. 11, 2026), https://www.usatoday.com/story/news/nation/2026/02/11/california-man-sentenced-illegal-chinese-agent/88615209007/;  Clara Harter, *He Worked for and Romanced Arcadia Councilwoman, and He was a Covert Agent for China*, L.A. Times ( Feb. 10, 2026), //www.latimes.com/california/story/2026-02-10/sentence-chinese-spy-helped-elect-council-member.

15.  Mr. Sun helped elect an unidentified politician whom he described to the CCP as a "new political star" who would "push pro-PRC propaganda" in the United States.  See Marc Ramirez, *California Man Sentenced for Acting as Illegal Chinese Agent*, USA TODAY (Feb. 11, 2026), https://www.usatoday.com/story/news/nation/2026/02/11/california-man-sentenced-illegal-chinese-agent/88615209007/;  Clara Harter, *He Worked for and Romanced Arcadia Councilwoman, and He was a Covert Agent for China*, L.A. Times ( Feb. 10, 2026), //www.latimes.com/california/story/2026-02-10/sentence-chinese-spy-helped-elect-council-member;  *Political Operative Sentenced to 4 Years in Federal Prison for Acting as Covert Agent of People's Republic of China*, Justice.gov, https://www.justice.gov/usao-cdca/pr/political-operative-sentenced-4-years-federal-prison-acting-covert-agent-peoples;  *California Political Operative Arrested on*

*Complaint Alleging He Acted as Illegal Agent of People's Republic of China,* Justice.gov, https://www.justice.gov/archives/opa/pr/california-political-operative-arrested-complaint-alleging-he-acted-illegal-agent-peoples.

16. Mr. Sun worked closely with John Chen (a/k/a Chen Jun) who was sentenced on November 19, 2024 for working as an illegal agent of the PRC and bribing an Internal Revenue Service ("IRS") agent.  See *California Political Operative Arrested on Complaint Alleging He Acted as Illegal Agent of People's Republic of China,* Justice.gov, https://www.justice.gov/archives/opa/pr/california-political-operative-arrested-complaint-alleging-he-acted-illegal-agent-peoples;  *California Man Sentenced For Acting As An Illegal Agent Of The PRC Government And Bribery*, Justice.gov, https://www.justice.gov/usao-sdny/pr/california-man-sentenced-acting-illegal-agent-prc-government-and-bribery.

17. Mr. Sun, with the assistance of an unnamed individual, created and operated a "purported news website for the local Chinese American community." *Political Operative Sentenced to 4 Years in Federal Prison for Acting as Covert Agent of People's Republic of China*, Justice.gov, https://www.justice.gov/usao-cdca/pr/political-operative-sentenced-4-years-federal-prison-acting-covert-agent-peoples.

18. Mr. Sun's case was prosecuted by Assistant United States Attorney Amanda B. Elbogen of the National Security Division, with assistance from Trial Attorney Garrett Coyle of the Counterintelligence and Export Control Section in the National Security Division of the Department of Justice.  See *Political Operative Sentenced to 4 Years in Federal Prison for Acting as Covert Agent of People's Republic of China*, Justice.gov, https://www.justice.gov/usao-cdca/pr/political-operative-sentenced-4-years-federal-

prison-acting-covert-agent-peoples; *California Political Operative Arrested on Complaint Alleging He Acted as Illegal Agent of People's Republic of China,* Justice.gov, https://www.justice.gov/archives/opa/pr/california-political-operative-arrested-complaint-alleging-he-acted-illegal-agent-peoples.

19. The DOJ prosecution of Mr. Sun was based, in part, on an investigation carried out by the FBI. See *Political Operative Sentenced to 4 Years in Federal Prison for Acting as Covert Agent of People's Republic of China*, Justice.gov, https://www.justice.gov/usao-cdca/pr/political-operative-sentenced-4-years-federal-prison-acting-covert-agent-peoples; *California Political Operative Arrested on Complaint Alleging He Acted as Illegal Agent of People's Republic of China,* Justice.gov, https://www.justice.gov/archives/opa/pr/california-political-operative-arrested-complaint-alleging-he-acted-illegal-agent-peoples.

20. All three of National Review's FOIA requests are identical.

21. National Review requested all records related to convicted CCP spy Yaoning Sun.

22. More specifically, National Review requests:

1. Any communication between Yaoning Sun (a/k/a Mike Sun) and Mayor Eileen Wang.
2. Any records regarding any websites belonging in whole or in part to Mr. Sun.
3. Any communication sent or received by Mr. Sun referencing and related to Mr. Sun's role as a campaign advisor.
4. Any communication between Chen Jun (a/k/a John Chen) and Mr. Sun.
5. Any communication sent or received by Mr. Sun regarding lunches or meetings between October 1, 2022 and January 1, 2023.
6. Any communication sent or received by Mr. Sun referencing and related to a "core member lunch," and "US-China Friendship Promotional Association," and any other iteration and version of these phrases.

23. National Review's EOUSA, NSD, and FBI Requests are all limited to January 2020 to the present.

**C. National Review's EOUSA Request and Administrative Appeal**

24. On March 3, 2026, National Review submitted a FOIA request to the Executive Office for United States Attorneys via email.

25. EOUSA assigned National Review's EOUSA Request the tracking number EOUSA-2026-002466.

26. On March 4, 2026, EOUSA denied National Review's EOUSA Request in full, without conducting a search, citing FOIA Exemptions 6 and 7(C).

27. EOUSA made no attempt to properly apply FOIA Exemptions 6 and 7(C).

28. EOUSA has not produced any records responsive to National Review's EOUSA Request.

29. On March 16, 2026, National Review submitted an administrative appeal to the Office of Information Policy ("OIP"), appealing EOUSA's denial of National Review's EOUSA Request.

30. OIP acknowledged receipt of National Review's administrative appeal on March 17, 2026 via email and assigned the appeal tracking number A-2026-00930.

31. On April 13, 2026, OIP denied National Review's administrative appeal.

32. Accordingly, National Review brings this action alleging that EOUSA failed to produce, in a timely manner, the non-exempt records that are responsive to National Review's EOUSA Request.

**D. National Review's NSD Request**

33. On March 3, 2026, National Review submitted a FOIA request to DOJ's National Security Division via email.

34. NSD assigned National Review's NSD Request the tracking number 26-155.

39. NSD's acknowledgement email failed to clearly state whether or not NSD would comply with National Review's NSD Request as required by 5 U.S.C. § 552(a)(6)(A)(i).

35. NSD has not produced any records responsive to National Review's NSD Request.

36. Accordingly, National Review brings this action alleging that NSD failed to produce, in a timely manner, the non-exempt records that are responsive to National Review's NSD Request.

**F.  National Review's FBI Request and Administrative Appeal**

37. On March 3, 2026, National Review submitted a FOIA request to the FBI via the FBI's eFOIA portal.

38. On March 23, 2026, the FBI acknowledged National Review's FBI Request by email and assigned it tracking number 1727777-000.

39. The FBI's March 23, 2026 acknowledgement letter also denied National Review's FBI Request, in full, without conducting a search, citing FOIA Exemptions 6 and 7(C).

40. The FBI made no attempt to properly apply FOIA Exemptions 6 and 7(C).

41. On March 24, 2026, National Review submitted an administrative appeal to the OIP, appealing the FBI's denial of National Review's FBI Request.

42. OIP acknowledged receipt of National Review's administrative appeal on March 24, 2026 via email and assigned the appeal tracking number A-2026-00971.

43. On April 13, 2026, OIP denied National Review's administrative appeal.

44. Accordingly, National Review brings this action alleging that the FBI failed to produce, in a timely manner, the non-exempt records that are responsive to National Review's FBI Request.

**COUNT ONE**
(Violation of FOIA: EOUSA Request)

45. Paragraphs 1 through 32 are realleged here as if set forth in full.

46. National Review submitted a valid FOIA request on March 3, 2026, to EOUSA seeking all records related to convicted CCP spy Yaoning Sun.

47. In its request, National Review provided a legally adequate description of the records it seeks.

48. EOUSA is the custodian of records that are responsive to National Review's EOUSA Request.

49. EOUSA did not conduct a legally adequate search for records that are responsive to National Review's EOUSA Request. National Review's EOUSA Request provided more than ample information for EOUSA to search for and produce responsive records.

50. EOUSA withheld all non-exempt records responsive to National Review's EOUSA Request.

51. On March 4, 2026, EOUSA denied National Review's EOUSA Request.

52. National Review exhausted its available administrative remedies.

53. EOUSA misapplied FOIA Exemptions 6 and 7(C).

54. EOUSA, therefore, violated the Freedom of Information Act (5 U.S.C. § 552).

**COUNT TWO**
(Violation of FOIA: NSD Request)

55. Paragraphs 1 through 23 and paragraphs 33 through 36 are realleged here as if set forth in full.

56. National Review submitted a valid FOIA request on March 3, 2026, to NSD seeking all records related to convicted CCP spy Yaoning Sun.

57. In its request, National Review provided a legally adequate description of the records it seeks.

58. NSD is the custodian of records that are responsive to National Review's NSD Request.

59. NSD did not conduct a legally adequate search for records that are responsive to National Review's NSD Request.  National Review's NSD Request provided more than ample information for NSD to search for and produce responsive records.

60. NSD withheld all non-exempt records responsive to National Review's NSD Request.

61. NSD constructively denied National Review's NSD Request.

62. National Review constructively exhausted its administrative remedies because NSD did not comply with 5 U.S.C. § 552(a)(6)(A)(i).

63. National Review exhausted its available administrative remedies.

64. NSD, therefore, violated the Freedom of Information Act (5 U.S.C. § 552).

**COUNT THREE**
(Violation of FOIA: FBI Request)

65. Paragraphs 1 through 23 and 37 through 44 are realleged here as if set forth in full.

66. National Review submitted a valid FOIA request on March 3, 2026, to the FBI seeking all records related to convicted CCP spy Yaoning Sun.

67.  In its request, National Review provided a legally adequate description of the records it seeks.

68. The FBI is the custodian of records that are responsive to National Review's FBI Request.

69. The FBI did not conduct a legally adequate search for records that are responsive to National Review's FBI Request.  National Review's FBI Request provided more than ample information for the FBI to search for and produce responsive records.

70. The FBI withheld all non-exempt records responsive to National Review's FBI Request.

71. On March 23, 2026, the FBI denied National Review's FBI Request.

72. National Review exhausted its available administrative remedies.

73. The FBI misapplied FOIA Exemptions 6 and 7(C).

74. The FBI, therefore, violated the Freedom of Information Act (5 U.S.C. § 552).

<strong>RELIEF SOUGHT</strong>

75. For the foregoing reasons, Plaintiff respectfully asks this Court for:

    a. A declaration that the United States Department of Justice and the Federal Bureau of Investigation violated FOIA;

    b. An injunction ordering the United States Department of Justice and Federal Bureau of Investigation promptly to produce all records that are responsive to National Review's FOIA requests;

    c. An award of costs and fees pursuant to 5 U.S.C. § 552(a)(4)(E);

    d. Any other relief that the Court finds to be just.

Respectfully submitted,

/s/ Don Padou                                           Dated: April 15, 2026
DON PADOU
D.C. Bar No. 1005434
P.O. Box 659
Murphys, CA. 95247
202-664-4395
Padou@PadouLaw.com